UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AMANDA GREENE ) <br> (FKA AMANDA NEEL) ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COLLINS ASSET GROUP, LLC ) <br> & BUFFALOE & VALLEJO, PLC ) <br> ) <br> Defendants. ) | Case No. <br><br> Jury Trial Demanded |

# COMPLAINT

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), in their illegal efforts to collect a consumer debt.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and omissions occurred here, Plaintiff resides here and Defendants transact business here.

## PARTIES

4. Plaintiff Amanda Greene (fka Amanda Neel) ("Plaintiff") is a natural person who resides in Blount County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Collins Asset Group, LLC ("Collins") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Buffaloe & Vallejo, PLC ("Buffaloe") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FAIR DEBT COLLECTION PRACTICES ACT

7. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. See 15 U.S.C. §§ 1692 *et seq.*

8. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . . , and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692 (a), (b), and (c).

9. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692 (e).

10. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; see also *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

## FACTUAL ALLEGATIONS

11. Defendants alleged Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore

a "debt" as defined by 15 U.S.C. § 1692a(5), namely, an alleged deficiency balance owed following a foreclosure by NationPoint on or about September 28, 2011.

12. After default, Collins purchased the debt for purposes of collection from Plaintiff.

13. Collins hired Buffaloe to attempt collection of the debt from Plaintiff.

14. Collins is regularly engaged in collection of consumer debts owed, or due or asserted to be owed or due another, and attempts to collect the debts by making telephone calls, and/or sending collection letters.

15. Buffaloe is regularly engaged in collection of consumer debts owed or due, or asserted to be owed or due another, and attempts to collect the debts by making telephone calls, sending collection letters, filing and prosecuting collection lawsuits against consumers with its client as the named plaintiff, recording judgment liens, and having garnishments and levies issued on behalf of its clients.

### *Collection Communications*

16. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. 15 U.S.C. § 1692a(2).

17. On April 3, 2018 Defendants filed a civil summons and sworn affidavit in state court against Plaintiff with Collins as the named plaintiff. **Copy filed as Exhibit 1 to this Complaint (hereinafter "Doc. 1-1").**

18. Buffaloe was listed as the attorney for Collins. **Doc. 1-1, p. 1**.

19. The state court summons and sworn affidavit alleged that Plaintiff owes Collins $14,952.93. **Doc. 1-1, p. 1-2.**

20. The complaint and exhibits were filed against Plaintiff by Defendants in connection with collection of the debt and in an attempt to collect the debt, and conveyed information

regarding the debt, including that Collins was the creditor alleged to be owed the debt being collected, and the amount alleged as owed, and each is a "communication". 15 U.S.C. § 1692a(2);

21. In response to the state court lawsuit Plaintiff hired attorney Jerimiah Webb to represent her.

22. Attorney Webb filed an Answer on Plaintiff's behalf asserting *iner alia,* that the statute of limitations had expired. **Copy filed as Exhibit 2 to this Complaint (hereinafter "Doc. 1-2").**

23. After numerous continuations the state court lawsuit was eventually dismissed with prejudice on or about February 15, 2019.

*Attempt to Collect a Time-Barred Debt*

24. The April 3, 2018 lawsuit against Plaintiff was in connection with collection of the debt and in an attempt to collect the debt, and conveyed information regarding the debt, including that Collins alleged to be owed the debt being collected, and is a "communication" as defined by 15 U.S.C. § 1692a(2). **Doc. 1-1.**

25. Upon information and belief, the real property that the alleged deficiency balance resulted from was foreclosed by NationPoint on or about September 28, 2011.

26. The statute of limitations to commence an action on a deficiency balance following a foreclosure in Tennessee is two years. *See,* Tenn. Code Ann. § 35-5-118(d)(1)(A).

27. Additionally, Pursuant to Tenn. Code Annot. § 28-3-109, an action for breach of contract or on sworn account must be commenced within six (6) years after the cause of action has accrued.

28. The cause of action accrued with the foreclosure by NationPoint upon the underlying

property.

29. Nothing in the civil summons or affidavit disclosed that the debt was barred by the 2 or 6 year statute of limitations.

30. Nothing in the civil summons or affidavit disclosed that a partial payment on a time-barred debt restarts the statute of limitations clock under Tennessee law. *See Graves v. Sawyer*, 588 S.W.2d 542, 544 (Tenn. 1979).

31. The Federal Trade Commission has determined that: "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States v. Asset Acceptance LLC*, Case No. 8:12-CV-182-JDW-EAJ (M.D.Fla. 2012).

32. Defendants engaged in false, deceptive, misleading, and unfair acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f, by filing the collection lawsuit in an attempt to collect from Plaintiff on a time-barred debt without disclosure of the facts that: (1) the debt was barred by the statute of limitations, and (2) that a partial payment on a time-barred debt restarts the statute of limitations clock under Tennessee law. *See, Gillie v. Law Office of Eric A. Jones*, 785 F.3d 1091, 1108 (6th Cir. 2015). A communication that contains contradictory information or that tends to send a

mixed signal is inherently confusing when it fails to include language that clarifies its meaning. *Miller v. Wolpoff & Ambramson, LLP*, 321 F.3d 292, 309 (6th Cir. 2003).

33. A civil summons in an attempt to collect a debt without informing the consumer that a lawsuit is time barred could lead the least sophisticated consumer to believe the debt is legally enforceable and is an attempt to legally enforce the debt.

34. The Defendants knew or should have known that the statute of limitations for collection of the alleged debt had expired and/or the Defendants willfully or negligently failed to make a reasonable investigation as to the date when the alleged debt went in to default and the proper statute applicable to deficiency balances following foreclosure.

35. By attempting to collect the debt, without having determined after a reasonable investigation that the statute of limitations period had not expired, the Defendants violated 15 U.S.C. §§ 1692e and 1692f.

### *False Representation or Implication That Communication is From an Attorney (Lack of Meaningful Review)*

36. The FDCPA prohibits debt collection attorneys such as Buffaloe from representing that a document comes from an attorney unless an actual attorney has meaningfully reviewed the document, and any documents supporting the allegations in the document.

37. Prior to filing the collection lawsuit, no attorney employed by Buffaloe reviewed any of the underlying facts or documents supporting the allegations in the civil summons and sworn affidavit, including that Collins was the current owner of the debt, the amount to be demanded, date last payment made, the original creditor, and what other collection efforts had already been made, to determine if Plaintiff was an appropriate candidate for a civil suit and venue was proper.

38. Listing Buffaloe or an employee of Buffaloe as Collins's attorneys on the civil summons falsely represents or implies to the least sophisticated consumer that an attorney employed by Buffaloe was professionally involved in Plaintiff's file before the collection lawsuit was filed.

39. Communications in the form of the civil summons and sworn affidavit were false, deceptive, and misleading because they were not "from" an attorney in the meaningful sense of the word, and some degree of attorney involvement is required before a communication will be considered "from" an attorney within the meaning of the FDCPA.

40. Listing Buffaloe or an employee of Buffaloe as Collins's attorneys on the civil summons is sufficient to give the least sophisticated consumer the false impression that these communications were from an attorney or attorneys who had made a meaningful review of the facts alleged in the collection lawsuit prior to it being filed, in violation of 15 U.S.C. § 1692e(3).

41. Upon being served a collection lawsuit, the least sophisticated consumer, may reasonably believe that an attorney has reviewed his or her file and has determined that he or she is a candidate for legal action.

42. Listing Buffaloe as Collins's attorneys in the collection lawsuit when it had not been meaningfully involved with Plaintiff's account prior to the filing of the collection lawsuit violates 15 U.S.C. §1692e(3) prohibition against false, deceptive, or misleading communications because it falsely implies that an attorney, acting as an attorney, is involved in collection of Plaintiff's debt. *See, Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F. 3d 433 (6th Cir. 2008).

***Summary***

43. Defendants' above-detailed conduct in connection with collection of the debt was conduct in violation of numerous and multiple FDCPA provisions including, but not limited to the above-cited provisions.

## TRIAL BY JURY

44. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I-VI

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), and 1692f

45. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

46. The foregoing acts and omissions of Defendants constitute numerous and multiple FDCPA violations with respect to Plaintiff, including, but not limited to each and every one of the above-cited FDCPA provisions.

47. As a result of the FDCPA violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I-VI

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), and 1692f

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

3/19/19     Respectfully submitted,

**AMANDA GREENE**

/s/     Brent S. Snyder
Brent S. Snyder, Esq., BPR #021700
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
Brentsnyder77@gmail.com

Attorney for Plaintiff